# IN THE COURT OF APPEALS OF IOWA

No. 19-1525
Filed August 18, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MORGAN ALEXANDER SHIELDS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Warren County, Mark F. Schlenker, District Associate Judge.

Morgan Shields appeals his conviction for driving while barred. **APPEAL DISMISSED.**

Patrick W. O'Bryan, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., and May and Ahlers, JJ.

**AHLERS, Judge.**

In August 2019, Morgan Shields pleaded guilty to driving while barred in violation of Iowa Code sections 321.560 and 321.561 (2019). He was later sentenced to an indeterminate term of incarceration not to exceed two years. Shields appeals, contending his guilty plea was not valid because it was not knowingly, voluntarily, and intelligently entered due to ineffective assistance of counsel.

Iowa Code section 814.6(1)(a)(3) was amended in 2019 to provide that defendants cannot appeal from a guilty plea except when the plea is to a class "A" felony or when the defendant has established good cause. *See* 2019 Iowa Acts ch. 140, § 28. This amended statute applies to Shields's case because the district court entered judgment and sentence pursuant to his plea after the statute's effective date of July 1, 2019. *See State v. Macke*, 933 N.W.2d 226, 231 (Iowa 2019).

Iowa Code section 814.6(1)(a)(3) precludes Shields from appealing his guilty plea unless he can establish good cause. It is the defendant's burden to establish good cause to pursue an appeal of a conviction following a guilty plea. *State v. Treptow*, 960 N.W.2d 98, 108 (Iowa 2021). "Good cause" under section 814.6 means a "legally sufficient reason," which is "a reason that would allow a court to provide some relief." *Id.* at 109. When a defendant pleads guilty and does not file a motion in arrest of judgment, there is no relief that the appellate court can grant, so there is no good cause to allow the appeal. *Id.* As Shields pleaded guilty and did not file a motion in arrest of judgment to challenge his guilty plea, he has not established good cause to appeal under section 814.6(1)(a)(3).

Shields attempts to meet the good-cause requirement by arguing his trial counsel was ineffective for failing to file a motion in arrest of judgment challenging his guilty plea and that ineffective assistance of counsel constitutes good cause. While creative, Shields's claim remains, at its core, a claim of ineffective assistance of counsel. Historically, that would have been enough because there was an exception to the rule that required a motion in arrest of judgment to be filed in order to challenge a guilty plea that applied when the failure to file the motion resulted from ineffective assistance of counsel. *See Treptow*, 960 N.W.2d at 109. However, this exception has been eliminated by the legislature's recent amendment to Iowa Code section 814.7. *See id.*

Iowa Code section 814.7 was amended in 2019 to preclude defendants from raising ineffective-assistance-of-counsel claims on direct appeal. *State v. Tucker*, 959 N.W.2d 140, 145 (Iowa 2021). Rather, ineffective-assistance claims must be raised in postconviction-relief proceedings. *Id*. This amended statute applies to Shields's case because the judgment and sentence was entered after the statute's July 1, 2019 effective date. *See Macke*, 933 N.W.2d at 231. This statute precludes us from hearing Shields's claim on direct appeal.

As Shields has not established good cause to appeal from his guilty plea and we are without authority to address his ineffective-assistance-of-counsel claims on direct appeal, we dismiss his appeal.

**APPEAL DISMISSED**.